# United States Court of Appeals
For the Eleventh Circuit



No. 05-14594

District Court Docket No.
04-00379-CR-1-CC-1

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Feb 17, 2006
THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

versus

ROBERT JACKSON,
a.k.a. Nap,
a.k.a. Jake,

        Defendant-Appellant.

------------------------------------------------------------
Appeal from the United States District Court
for the Northern District of Georgia
------------------------------------------------------------

JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

        Entered: February 17, 2006
For the Court: Thomas K. Kahn, Clerk
        By: Jackson, Jarvis

ISSUED AS MANDATE
MAR 2 0 2006
U.S. COURT OF APPEALS
ATLANTA, GA.

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 05-14594
Non-Argument Calendar

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 17, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00379-CR-1-CC-1

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAR 2 1 2006

LUTHER D. THOMAS, Clerk
By: Deputy Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT JACKSON,
a.k.a. Nap,
a.k.a. Jake,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Georgia

(February 17, 2006)

Before BLACK, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Robert Jackson appeals his concurrent sentences of twenty-one months imprisonment for the following charges: (1) conspiracy to make and possess false, forged, and counterfeit obligations and securities of the United States, 18 U.S.C. §§ 371, 472; (2) making false, forged, and counterfeit Federal Reserve Notes, 18 U.S.C. § 471; (3) two counts of possession of falsely made, forged, and counterfeit Federal Reserve Notes with intent to defraud, 18 U.S.C. § 472; and (4) transferring and delivering falsely made, forged, and counterfeit Federal Reserve Notes, 18 U.S.C. §§ 472, 473. We affirm.

Jackson's first contends that the district court erred because it failed to consider the factors in 18 U.S.C. § 3553 in determining his sentence. We "review for unreasonableness" a sentence imposed post-Booker. United States v. Booker, 543 U.S. 220, ___, 125 S. Ct. 738, 745 (2005) (internal quotation marks and alteration omitted); see also United States v. Crawford, 407 F.3d 1174, 1178 (11th Cir. 2005) (noting that "Booker established a 'reasonableness' standard for the sentence finally imposed on a defendant"). Nonetheless, we have held that the district court is obligated "to calculate correctly the sentencing range prescribed by the Guidelines." Crawford, 407 F.3d at 1178. The requirement to calculate correctly the guideline range applies to upward departures. See United States v. Ellis, 419 F.3d 1189, 1193 (11th Cir. 2005).

In determining whether a sentence is reasonable, the district court should be guided by the factors in § 3553(a). See Booker, 125 S. Ct. at 765–66; United States v. Winingear, 422 F.3d 1241, 1246 (11th Cir. 2005). "These factors include the available sentences, the applicable Guideline range, the nature and circumstances of the offense, and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and provide the defendant with needed medical care." Winingear, 422 F.3d at 1246. Although the court must be guided by these factors, we have held that "nothing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005).

We may not correct an error that the defendant failed to raise in the district court unless there is "(1) error, (2) that is plain, and (3) that affects substantial rights." United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005) cert. denied, 125 S. Ct. 2935 (2005) (internal quotation marks and citation omitted). "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (internal quotation

marks and citation omitted). Where a defendant knowingly waives an objection at sentencing, we will not review the issue even for plain error. See United States v. Masters, 118 F.3d 1524, 1526 (11th Cir. 1997) (holding that although the court did commit error, the plain error doctrine was inapplicable because the defendant was fully aware of the error the court was going to make during sentencing and nonetheless agreed to be bound by it); see also United States v. Olano, 507 U.S. 725, 733–34, 113 S. Ct. 1770 (1993) (explaining that in criminal cases, plain error review under Rule 52(b) extends to forfeited errors, in which the defendant fails to make a timely objection, but not to waived errors, in which the defendant intentionally relinquishes or abandons a known right).

Jackson was sentenced after Booker and was well aware that the district court was not bound to sentence him within the guideline range. Nonetheless, he did not argue to the district court that a sentence below the guideline range was appropriate. Instead, he requested a sentence at the low end of the range. The court honored this request, imposing the lowest possible sentence within the guideline range. For these reasons, Jackson has waived even plain error review of the reasonableness of his sentence, and we will not review whether the district court erred in failing to consider the factors in 18 U.S.C. § 3553. Even if Jackson's argument was open to plain error review, it would fail. He cannot show that the

4

district court failed to consider the factors in 18 U.S.C. § 3553. The district court considered the applicable guideline range and imposed the sentence Jackson requested. The court was not required to state on the record that it explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors. See Scott, 426 F.3d at 1329. Finally, Jackson cannot establish that if the district court failed to consider the § 3553(a) factors, there is a reasonable probability of a lesser sentence had it considered them.

Jackson next contends that the district court erred in applying an enhancement to his advisory guideline range based upon a finding that he manufactured counterfeit obligations. He argues that his guilty plea to conspiring to make, forge, and counterfeit Federal Reserve Notes was insufficient to support the enhancement because the court did not find that there was sufficient evidence to show that Jackson himself actually participated in the creation of the counterfeit obligations. Additionally, he argues that the testimony presented at the sentencing hearing and the unproven assertions in the PSI were not sufficient to show that he actually created the counterfeit notes.

A challenge to the application of the guidelines is a mixed question of law and fact. United States v. Anderson, 326 F.3d 1319, 1326 (11th Cir. 2003). We review the district court's findings of fact for clear error. Id. "The Government

bears the burden of establishing by a preponderance of the evidence the facts necessary to support a sentencing enhancement." United States v. Askew, 193 F.3d 1181, 1183 (11th Cir. 1999). Pursuant to U.S.S.G. § 2B5.1(b)(2), a defendant's offense level is increased by two points if the defendant "manufactured or produced any counterfeit obligation or security of the United States." U.S.S.G. § 2B5.1(b)(2).

The district court's finding that Jackson manufactured counterfeit obligations was supported ample evidence: (1) he admitted that he was guilty of manufacturing counterfeit Federal Reserve Notes; (2) the evidence showed that he recruited a co-conspirator to help him cut up and process the counterfeit currency and told another co-conspirator that he had printed counterfeit notes and was in the process of cutting up the notes. Accordingly, the district court did not commit clear error in applying the U.S.S.G. § 2B5.1(b)(2) enhancement.

Finally, Jackson contends that the district court erred in applying an enhancement to his advisory guidelines range based upon his use of a dangerous weapon in connection with the counterfeit currency offense. He argues that the court did not adequately address the fact that he legally owned and possessed the handgun at the time of his arrest. Jackson argues that he provided the court with undisputed evidence that he possessed the gun for a legal alternative—personal

protection—and, thus, because there was equal evidence on both sides of the argument, it was unreasonable for the court to find the government met its burden.

Pursuant to U.S.S.G. § 2B5.1(b)(4), a defendant's offense level is increased by two points if the defendant possessed a firearm in connection with the offense. U.S.S.G. § 2B5.1(b)(4). We review the district court's findings of fact for clear error. Anderson, 326 F.3d at 1326.

During the guilty plea hearing, Jackson admitted that he intended to use the counterfeit currency to purchase drugs and that when he met Miller in anticipation of going to make the drug deal, he was carrying a handgun in his waistband. The evidence also showed that Jackson stated that he was not worried about the drug deal going badly because he was "strapped," meaning that he was carrying a firearm. This evidence was sufficient for the district court to find that Jackson possessed a handgun in connection with the counterfeit currency offense. Accordingly, the district court did not commit clear error in applying the U.S.S.G. § 2B5.1(b)(4) enhancement.

**AFFIRMED.**

A True Copy - Attested
Clerk U.S. Court of Appeals
Eleventh Circuit
By: 
Deputy Clerk
Atlanta, Georgia

# United States Court of Appeals

Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

For rules and forms visit
www.ca11.uscourts.gov

March 20, 2006

Luther D. Thomas
Clerk, U.S. District Court
75 SPRING ST SW STE 2211
ATLANTA GA 30303-3318

RECEIVED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAR 2 1 2006

LUTHER D. THOMAS, Clerk
By: _____
Deputy Clerk

**Appeal Number: 05-14594-GG**
Case Style: USA v. Robert Jackson
District Court Number: 04-00379 CR-1-CC-1

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

Also enclosed are the following:
 Original Exhibits, consisting of: one envelope, one psi
 Original record on appeal or review, consisting of: five volumes

The district court clerk is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

A copy of this letter, and the judgment form if noted above, <u>but not a copy of the court's decision</u>, is also being mailed to counsel and pro se parties. A copy of the court's decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: James O. Delaney (404) 335-6113

Encl.

MDT-1 (02/2006)